```
                UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT

Masjid Al-Tawheed, Inc.,        :
Imam Ishmael Ali,               :
        Plaintiffs,             :
                                :
     v.                         :     File No. 1:06-CV-138
                                :
Town of Putney, Anita           :
Coomes, Jill Garland,           :
Faith Martin, Michael           :
Finnell, Timothy                :
Severence,                      :
        Defendants.             :
```

OPINION AND ORDER
(Papers 7, 11, 15, 16 and 20)

Plaintiff Imam Ishmael Ali initiated this action, *pro se*, on behalf of himself and Masjid Al-Tawheed, Inc., a religious organization with which Ali is affiliated.  The claim in the initial complaint was that the Town of Putney had wrongfully refused to exempt Masjid Al-Tawheed, Inc. from paying property taxes.  Ali has since amended his complaint to include claims of discrimination.  Currently pending before the Court are a series of motions from both Ali and the defendants.

I.  Defendants' Motion to Dismiss Masjid Al-Tawheed, Inc.

When Ali filed his complaint, he sought leave to proceed *in forma pauperis*.  The Court granted his motion to proceed *in forma pauperis*, but informed him that because co-plaintiff Masjid Al-Tawheed, Inc. was a corporation, it could not proceed *pro se*.  The Court allowed 30 days for counsel to

enter an appearance on behalf of Masjid Al-Tawheed, Inc. (Paper 3).

The defendants subsequently moved to dismiss Masjid Al-Tawheed, Inc. for failure to appear with counsel. (Paper 7). Apparently in response to the defendants' motion, Ali amended the complaint, dropped Masjid Al-Tawheed, Inc. as a party, and asserted personal claims of discrimination on the basis of race and disability (Paper 12). Because the amended complaint no longer lists Masjid Al-Tawheed, Inc. as a party, the defendants' motion to dismiss (Paper 7) is GRANTED, and any claims initially brought by Masjid Al-Tawheed, Inc. are DISMISSED without prejudice.

II.  Motion for Judgment on the Pleadings

After Ali filed his amended complaint setting forth claims of discrimination, the defendants moved for judgment on any claims related to "the tax exempt status of the religious organization Masjid Al-Tawheed, Inc., the denial of an application for exemption of that organization's property from municipal taxation in 2001, and the sale of that property at tax sale in June 2006." (Paper 15 at 1).

The defendants appropriately argue that property taxation is a matter of state law, see Morse v. King, 137 Vt. 49, 50 (1979), and that Ali has failed to show any legal interest in the property sufficient for him to have standing. The Court

agrees the Ali may not bring a federal court action relating to the taxation or sale of property in which he has no apparent legal interest.  Moreover, Ali appears to concede that this case is no longer about property taxes, and is instead about discrimination against him.  (Paper 17 at 3). In light of the parties' agreement on this point, the motion for judgment on the pleadings (Paper 15) is GRANTED.

III.  Motion for Requisition

With the tax-related claim having been dismissed, Ali's discrimination claims remain.  In order to preserve the damages he expects to collect on these claims, Ali has filed a "motion for requisition" in which he seeks an order preventing the defendants from relinquishing any assets up to a value of $52,000 (Paper 16).  The Court construes Ali's motion as brought pursuant to Fed. R. Civ. P. 64.  Rule 64 provides, in relevant part:

> all remedies providing for seizure of . . . property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . .  The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies.

Fed. R. Civ. P. 64.  Under Vermont law, a writ of attachment may be issued upon motion if the court finds that "there is a reasonable likelihood that the plaintiff will recover judgment

3

. . . in an amount equal to or greater than the amount of the attachment."  V. R. Civ. P. 4.1(b).

In this case, Ali has failed to make such a showing. Although he claims discrimination generally, he has set forth few specific facts to support his claims.  The amended complaint alleges that, when dealing with the Town of Putney on behalf of Masjid Al-Tawheed, Inc., Ali has "been discriminated against periodically, with intent to cause difficulties or hardship in my representation of that religious organization."  (Paper 12 at 1).  Ali does not detail the alleged discrimination, but claims that "there is merit in this case due to years of abuse and exhibits that will display in court through tapes, documents, and several eye-witnesses that can testify to bias, discrimination, and racist attitudes . . . ."  Id. at 2.

With respect to his disability claim, Ali alleges that he sometimes has an "inability to express ideas clearly, due to my disabilities of retardation and speech impediment when pressured."  Id.  He explains that at one public meeting, a "board member" was the only public official "to show apology or sympathy" when she volunteered to read documentation on his behalf.  Ali provides no other specifics about the nature of his disability or the wrongful conduct that allegedly violated his rights.

4

In the absence of further factual allegations, and without any legal argument establishing why his claims have a reasonable likelihood of success, the Court cannot grant prejudgment relief.  The motion for requisition (Paper 16) is therefore DENIED.

IV.  Motion for Default Judgment

Ali has also moved for the entry of a default judgment (Paper 20).  His motion focuses on the fact that the defendants continued to discuss the claims of Masjid Al-Tawheed, Inc. after the amended complaint was filed.  "Any answer or otherwise communication from the Defendant should have named Ishmael Ali as the complainer and not Masjid Al-TaWheed [sic]."  (Paper 21 at 2).  At the time the defendants filed their answer, however, the Court had not yet dismissed Masjid Al-Tawheed, Inc. from the case.  Moreover, Ali has not shown that he suffered any prejudice as a result of the defendants' continued inclusion of Masjid Al-Tawheed, Inc. as a party.  The motion for entry of a default judgment (Paper 20) is DENIED.

V.  Motion for More Definite Statement

The final motion pending before the Court is the defendants' motion for more definite statement (Paper 11), which was submitted prior to the filing of the amended complaint.  The motion seeks clarification of Ali's claims

against the defendants, and the amended complaint arguably provides that clarification.[1]  The motion for a definite statement (Paper 11) is, therefore, DENIED as moot.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 23rd day of January, 2007.

                                           <u>/s/ J. Garvan Murtha</u>
                                           J. Garvan Murtha
                                           United States District Judge

---

[1]  The Court expresses no opinion at this time with respect to the sufficiency of the allegations in the amended complaint.