```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Imam Ishmael Ali,                   :
        Plaintiff,                  :
                                    :
    v.                              :    File No. 1:06-CV-138
                                    :
Town of Putney, Anita               :
Coomes, Jill Garland,               :
Faith Martin, Michael               :
Finnell, Timothy                    :
Severence,                          :
        Defendants.                 :
```

OPINION AND ORDER
(Papers 25 and 26)

Plaintiff Imam Ishmael Ali, proceeding *pro se*, brings this action claiming that officials of the Town of Putney have discriminated against him. His claims focus on property tax proceedings with respect to a piece of property previously owned by Majid Al-Ta Wheed, Inc., a religious organization with which Ali is affiliated. The defendants have moved to dismiss, or in the alternative for a more definite statement of claims, arguing that Ali has failed to allege sufficient facts to establish a basis for liability. (Paper 25). For the reasons set forth below, the motion for a more definite statement is GRANTED, and Ali must submit an amended complaint within 30 days. Failure to file an amended complaint may result in the dismissal of this case.

Factual Background

For the narrow purpose of deciding the Town's pending motion, the facts alleged in Ali's amended complaint will be

accepted as true.  Ali initiated this action on behalf of himself and Masjid Al-Ta Wheed, Inc., an organization in which Ali reportedly serves as the "Imam."  The primary claim in the original complaint was that the Town had wrongfully refused to exempt Masjid Al-Ta Wheed, Inc. from paying property taxes.

Ali subsequently amended his complaint to add personal claims of discrimination.  Having been warned by the Court that Masjid Al-Ta Wheed, Inc. would be dismissed if it did not appear with counsel, the amended complaint also removed Masjid Al-Ta Wheed, Inc. as a party.  Accordingly, the only remaining claims pertain to Ali's allegedly discriminatory treatment by Town officials.

Ali asserts discrimination based upon both race and disability.  Each of his claims arises out of his work on behalf of Masjid Al-Ta Wheed.  He begins his amended complaint by explaining that he is "a member of the Islamic Faith, and after the 9/11 incident the town of Putney demonstrated an unpleasant atmosphere in one of many meetings which occurred on October 24, 2001 to discuss [the] tax-exempt status of land previously owned by myself – Ishmael Ali and family."  Ali reports that he once owned the property in question, but subsequently donated it to Masjid Al-Ta Wheed.  The Town of Putney allegedly declined to grant Masjid Al-Ta Wheed tax-

exempt status, and on or about June 3, 2006, sold the land due to non-payment of taxes.

Ali claims that in his years of dealing with the Town on behalf of Masjid Al-Ta Wheed, Town officials have "abused" him.  He cites the Town's sale of the land in 2006 as evidence of this abuse.  He also claims that he has "tapes, documents, and several eye-witnesses that can testify to bias, discrimination, and racist attitudes that I have been subjected to . . . ."

Ali's claims of disability-based discrimination appear to arise out of his treatment by Town officials at the meeting on October 24, 2001.  During that meeting, one board member, defendant Faith Martin, allegedly showed sympathy toward Ali "in recognition of the facts, because she saw my inability to express ideas clearly, due to my disabilities of retardation and speech impediment when pressured."  Other board members were presumably less sympathetic, although the amended complaint offers no specific facts to support this presumption.

For relief, Ali seeks monetary damages in the amount of $21,000 for racial discrimination, and $30,000 for discrimination based on his alleged disability.

Discussion

Fed. R. Civ. P. 8 provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Salahuddin v. Cuomo, 861 F.2d 40, 41-42 (2d Cir. 1988).  In Salahuddin, the Second Circuit explained that "[t]he statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."  861 F.2d at 42.

When the complaint fails to comply with Rule 8, a court may dismiss the complaint or strike those portions that are redundant or immaterial.  See Foreman v. Goord, 2004 WL 385114, at *4 (S.D.N.Y. Mar. 2, 2004) (citing Fed. R. Civ. P. 12(f)).  However, the Second Circuit has cautioned against complete dismissal, reserving such dismissal "for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Salahuddin, 861 F.2d at 42.  Therefore, in those cases in which the court dismisses a *pro se* complaint for failure to comply with Rule 8, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face non-frivolous.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995); Davidson v. Flynn, 32 F.3d 27, 31

4

(2d Cir. 1994) ("Sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action.").

Here, Ali's amended complaint does not put the defendants on sufficient notice of his claims.  His allegations are general and conclusory, alluding primarily to categories of evidence (e.g. "tapes, documents, and several eye-witnesses") rather than specific facts.  He cites only one meeting with Town officials, and does not allege any conduct by the defendants that would support his claims of discrimination.

With respect to the harm he may have suffered, Ali references the sale of the Masjid Al-Ta Wheed property.  Indeed, Ali claims that the discrimination against him by Town officials resulted in Masjid Al-Ta Wheed losing its land.[1]  As the defendants have argued, these allegations call into question Ali's standing to bring his claims.

In order to establish standing, a plaintiff must show an "injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or

---

[1] Specifically, Ali alleges that the Town "can't break a law in order to protect another law – the town sold the property to protect their tax law, but violated another law my [sic] discriminating against Ishmael Ali, the plaintiff, thereby causing the organization, Masjid Al-Ta Wheed to lose the land."

imminent, not conjectural or hypothetical." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted).  According to Ali's amended complaint, he donated the land to Masjid Al-Ta Wheed prior to the tax sale.  Consequently, it does not appear that he had any legally protected interest in the land, and thus was not directly injured by its sale.

If Ali has suffered injuries apart from the sale of Masjid Al-Ta Wheed's property, he must allege those injuries in his complaint.  He must also cite "more than labels and conclusions . . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007). Ali repeatedly speaks of his case in general terms, and of the importance of dealing with discrimination.  He has not, however, alleged facts sufficient to show that he has a right to relief.

The defendants' motion for a more definite statement is, therefore, GRANTED.  If Ali wishes to continue with this case, he must submit a second amended complaint within 30 days of the date of this Order.  Ali is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." <u>International Controls Corp.</u>

v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Consequently, Ali's amended complaint must include all allegations against each defendant such that it can stand alone as the sole complaint in this action.  The amended complaint must also comply with Rule 8, thereby giving the defendants clear notice of the claims against which they must defend.  Failure to file a properly-drafted complaint within the 30-day period may result in the dismissal of Ali's claims with prejudice.

## Conclusion

For the reasons set forth above, the defendants' motion for a more definite statement (Paper 25) is GRANTED.  The defendants' motion to dismiss (Paper 25) is DENIED without prejudice.[2]  Ali may have 30 days in which to submit a properly-drafted amended complaint.  Failure to comply with this Order may result in the dismissal of his claims with prejudice.

---

[2] As alluded to above, even if the Court were to grant the motion to dismiss, it would be compelled to allow Ali the opportunity to amend his complaint.  See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).  Therefore, the result would be fundamentally the same as granting the motion for a more definite statement.  Dismissal of the motion to dismiss without prejudice leaves the defendants the option of again moving to dismiss, if appropriate, once they receive the amended complaint.

The defendants' motion to extend the discovery deadline (Paper 26) is also GRANTED.  The discovery process need not commence until after the Court and the defendants have received Ali's second amended complaint.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 1st day of August, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge
