```
             UNITED STATES DISTRICT COURT
                      FOR THE
                DISTRICT OF VERMONT

Imam Ishmael Ali,                  :
        Plaintiff,                 :
                                   :
     v.                            :    File No. 1:06-CV-138
                                   :
Town of Putney, Anita Coomes,      :
Jill Garland, Faith H. Martin,     :
Michael K. Finnell and             :
Timothy Severence,                 :
        Defendants.                :
```

<u>OPINION AND ORDER</u>
(Paper 36)

Plaintiff Imam Ishmael Ali, proceeding *pro se*, brings this action claiming that officials of the Town of Putney have discriminated against him.  The defendants now move to dismiss Ali's Second Amended Complaint, arguing that his claims of discrimination are vague and that he has not alleged an actionable injury.  For reasons set forth below, the motion to dismiss is GRANTED and the case is DISMISSED.

<u>Factual Background</u>

This case originated with a complaint brought by Ali on behalf of himself and Masjid Al-Ta Wheed, Inc., an organization in which he reportedly serves as the "Imam."  The primary claim in the original complaint was that the Town had wrongfully refused to exempt Masjid Al-TaWheed, Inc. from paying property taxes.  After the Court issued an order warning that Masjid Al-TaWheed, Inc. would be dismissed if it did not appear with counsel, Ali removed Masjid Al-TaWheed,

Inc. as a party and amended the complaint to add personal claims of discrimination by Town officials.  These allegations of discrimination are the only remaining claims in the case.

Ali's allegations all arise out of his work on behalf of Masjid Al-TaWheed, Inc.  His first claim is that in 2001, Town officials refused to accept his "presentation of tax exemption in representation of the organization Masjid Al-TaWheed." (Paper 35 at 1).  Five years later, he was granted an appeal hearing on the tax exemption issue.  When he requested an extension of time so that his personal attorney could be present, his request was denied.  The property in question was ultimately sold, presumably for failure to pay property taxes.

Ali contends that he has been discriminated against on the basis of both his race and his disability.  With respect to his disability claim, Ali explains that his condition "includes retardation and cripples the plaintiff's speech when under pressure."  Id. at 2.  At the appeal hearing in 2006, he was reportedly "under extreme pressure when confronted with the prospect of losing the property of the organization."  Id.  Although it is not clear from the complaint, Ali appears to be alleging that he had difficulty presenting his case at the hearing, and that the Town discriminated against him when it refused to allow his lawyer to attend.

Ali's claims of race discrimination pertain not only to himself, but to other residents of the Town of Putney as well. He alleges generally that the Town has "done everything to keep minorities in the Town of Putney from owning land." Id. As an example, Ali claims that he bought land from a couple who reportedly experienced discrimination by Town officials. Ali asserts that he himself has had similar problems, and that his conflicts with the Town led him to donate property to Masjid Al-TaWheed, Inc. Ali's only specific claim of discriminatory conduct is a report from a third-party witness that defendant Anita Coomes "referred to Black people in a derogatory manner, which included the plaintiff Ishmael Ali." Id. at 3.

For relief, Ali seeks compensatory damages for both race and disability discrimination. He contends that he is asking for more than a nominal amount "because of the significant amount of damages suffered with respect to each and every one of the claims that were made in this case . . . ." Id. He also hopes that an award of damages will erase any "doubt in the public eye . . . [that] Blacks, minorities, regardless of class, religion or creed are entitled to fairness, and that fairness will be given for the plaintiff to have his day in court." Id.

Discussion

The defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Ali's Second Amended Complaint fails to state a viable cause of action.  Specifically, they argue that Ali's allegations are vague and that his claims relate solely to the sale of property in which he had no legal interest.  The Court agrees.

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'"  ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).  The Court remains mindful that *pro se* pleadings are to be read liberally.  See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).

Even under this liberal standard, Ali has failed to state a viable claim.  Beginning with his discrimination claim, his allegations are quite general and provide no link to any actual injury he may have suffered.  Indeed, his allegations

focus more upon actions by the Town generally, and very little upon his own experience.

Reading the complaint broadly, Ali claims that his effort to appeal a ruling on Madjid Al-Tawheed, Inc.'s tax exempt status was delayed several years. Whether this type of delay was atypical, and whether it was caused by racial animus, is not specified in the complaint. Ali also claims that he was denied counsel at the appeal hearing. Again, it is unclear whether he believes that this denial was based upon his race. See Brown v. City of Oneonta, 221 F.3d 329, 337 (2d Cir. 1999) (claim of racial discrimination under Equal Protection Clause must allege that government official intentionally discriminated based upon race).

With respect to the individual defendants, there are no facts tying them to specific acts, as is required for a claim of race discrimination. See Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP, 332 F. Supp. 2d 592, 596 (S.D.N.Y. 2004) (plaintiff must "not only allege specific instances of racial discrimination, but those allegations 'must demonstrate some affirmative link to causally connect the actor with the discriminatory action'") (quoting Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000)). His claims against these defendants are, therefore, ripe for dismissal.

Ali's claims against the Town are equally insufficient. In <u>Twombly</u>, the Supreme Court determined that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause action will not do." 127 S. Ct. at 1964-65.  Ali's complaint employs labels such as "racial discrimination" and concludes that "[a]ll affiliated defendants showed [a] desire to deny equal justice under the law," but does not explain how the alleged events were motivated by racial animus.  In sum, the complaint contains nothing more than "naked assertions" of discrimination, along with speculation about discriminatory motives, with no specific facts upon which a court could find a constitutional violation.  <u>Timmons v. City of Hartford</u>, 283 F. Supp. 2d 712, 717 (D. Conn. 2003) (citing <u>Martin v. New York State Dep't of Mental Hygiene</u>, 588 F.2d 371, 372 (2d Cir. 1978)).  Ali's claims of race discrimination are therefore DISMISSED.

His claims of disability discrimination are only slightly more detailed.  He seems to be alleging that the Town should have allowed his attorney to be present at the appeal hearing because his disability makes it hard for him to speak in pressure situations.  The complaint does not allege that Town officials had any prior awareness of his disability, or that

6

they denied an extension of time with the intention of being discriminatory.

Moreover, with respect to each of Ali's claims, it is hard to discern what harm he may have suffered.  The only actual injury alleged in the complaint is Masjid Al-Tawheed, Inc.'s loss of its land.  As the Court has noted previously in this case, Ali's standing to seek compensation for this injury is very much in question.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

While Ali claims that a hearing was delayed, he does not contend that the delay was harmful to his interests or to the interests of Masjid Al-Tawheed, Inc.  As to the denial of an extension of time, Ali asserts that his performance at the hearing was hindered by his disability, and that afterwards he "felt depressed because he was not well equipped to protect the organization's rights."  (Paper 35 at 2).  Disappointment with his performance, however, does not mean that Ali suffered an actual injury based upon the "invasion of a legally protected interest."  Lujan, 504 U.S. at 560 (1992) (internal citations and quotation marks omitted).  The Court therefore concludes that Ali has failed to allege any viable claim of discrimination.

When a Court dismisses a complaint, it is usually required to allow the plaintiff an opportunity to amend his

claims.  See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).  In this case, the Court has already allowed Ali such an opportunity.  The result was a Second Amended Complaint that was no improvement on his previous efforts.  When it becomes clear that additional amendments will be futile, leave to amend may be denied.  See Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).  Because the Court has now reviewed three complaints, none of which have stated a viable claim, the Court declines to allow Ali yet another chance to present his claims.  Accordingly, the motion to dismiss is GRANTED and this case is DISMISSED with prejudice.

## Conclusion

For the reasons set forth above, the defendants' motion to dismiss is GRANTED and this case is DISMISSED.

Dated at Brattleboro, in the District of Vermont, this 20th day of February, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge